# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

Michael Giesbrecht,

      Plaintiff

v.

Julie Williams, et al.,

      Defendants

Case No.: 2:23-cv-00927-JAD-NJK

**Order Denying Plaintiff's Motions for a Temporary Restraining Order and Preliminary Injunction**

[ECF Nos. 19, 20]

Pro se plaintiff Michael Giesbrecht sues High Desert State Prison Assistant Warden Julia Williams and several corrections officers for violations of his First and Eighth Amendment rights, alleging that "prison officials disregarded an excessive risk that high drug-trafficking activities posed to their safety."[1]  Giesbrecht now moves for a temporary restraining order and preliminary injunction to have him placed in protective custody and then moved to another prison.  He also believes that his legal mail has been given to someone else inside the prison, so he asks that identification be required to pick up his mail.  Because Giesbrecht has not met his burden to show that he will face irreparable harm if this relief is not granted, I deny his motion.

## Background

**A.    Giesbrecht alleges that High Desert's officials failed to protect him from known drug activity and retaliated against him for reporting.[2]**

Michael Giesbrecht is incarcerated at High Desert State Prison.  In 2022 and 2023, he witnessed an officer smuggling crystal meth into the prison and selling it to a group of inmates

---

[1] ECF No. 14 at 1 (order screening Giesbrecht's amended complaint).

[2] The facts in this section are taken from Giesbrecht's complaint, ECF No. 5, and are not intended as findings of fact.  It is also a summary tailored to the issues raised in Giesbrecht's motions for injunctive relief; not all facts that may be important to the resolution of this action are recited here.

who would then sell to the general prison population.  In March 2023, the drug-dealing inmates assaulted Giesbrecht in his cell and tried to get him to deliver drugs to a different unit. Giesbrecht alleges that the drugs he was supposed to deliver were part of a payment to an inmate identified as Dixon, who was contracted to murder another inmate who stole some of the illicit drugs.[3]

Giesbrecht was finally coerced into making the delivery a couple of weeks later, but instead of giving them to the intended recipient, Giesbrecht gave them to an officer and reported everything he knew about the drug operations he had observed.[4]  The officers who took his statement told him that he and his cellmate Keith Bird[5] would be moved together to a different unit because the unit they were housed in held several of the inmates that Giesbrecht reported on.[6]  Instead, Giesbrecht and Bird were left in their cell for eight days and, when they were eventually moved, these cellmates were separated.[7]

In June 2023, Giesbrecht was charged with possession of the drugs that he had turned over to prison officials.[8]  He refused to admit guilt and, while he never had a hearing or was convicted of that charge, the prison changed his classification to designate him as a more dangerous inmate, meaning that he would be placed in more restrictive housing and have less ability to move freely in the prison.[9]  Giesbrecht alleges that the prison's actions amount to

_____

[3] *See* ECF No. 5 at 15, ¶ 50.

[4] *Id.* at ¶¶ 39–42.

[5] This lawsuit was initially brought by both Giesbrecht and Bird.  I severed those cases, ECF No. 14 at 9–10, so I focus on only the facts involving Giesbrecht.

[6] *Id.* at ¶ 43.

[7] *Id.* at ¶¶ 46–47.

[8] *Id.* at ¶ 103.

[9] *Id.* at ¶¶ 105–10.

retaliation for reporting the criminal activities of a prison guard and a failure to protect him from other inmates after he reported their wrongdoing.

**B.    Giesbrecht contends that he needs to be moved to a different unit to get away from another inmate.**

Giesbrecht now moves for a temporary restraining order and preliminary injunction, claiming that he is unsafe in his current cell block.  He alleges that he was moved the day after he attended a mediation conference in this case that failed to reach settlement, and he implies that this move was retaliation for his continuing to pursue this lawsuit.[10]  Giesbrecht claims that the new cell block is near the unit that Dixon is held in, explaining that the units "share a recreation yard and windows facing the yard allow for communication between inmates in these units."  He also claims that the units' porters can pass messages between Dixon's and Giesbrecht's units.  He asserts that one of his "current neighbors is in contact with inmate Dixon" and told Giesbrecht that "he received a 5-page letter from Dixon."[11]

Giesbrecht also contends that someone slid cheese under his cell door, which in prison parlance translates to calling someone a "rat" for snitching on fellow inmates.[12]  He further complains that he received legal mail from state court several months late, which he interprets to mean that someone else intercepted his mail first.[13]  He is particularly concerned about other

---

[10] High Desert presents evidence that the timing of Giesbrecht's move was merely coincidental, showing that he was moved after the prison's classification-review committee changed his classification from level 2 to level 1, necessitating a housing change to a unit commensurate with his new status.  ECF No. 22-1 at 3; ECF No. 22-2 at 4.

[11] ECF No. 19 at 6.

[12] *Id.*

[13] *Id.*

inmates reading his mail.[14]  So he seeks an injunction moving him to protective custody, transferring him to another prison that doesn't house or employ the defendants in this case, and requiring that officials check inmate's IDs before they pick up legal mail.

### Discussion

A preliminary injunction is an "extraordinary" remedy "never awarded as of right."[15] The Supreme Court clarified in *Winter v. Natural Resources Defense Council, Inc.* that, to obtain an injunction, the plaintiff "must establish that [it] is likely to succeed on the merits, that [it] is likely to suffer irreparable injury in the absence of preliminary relief, that the balance of equities tips in [its] favor, and that an injunction is in the public interest."[16]  The Ninth Circuit recognizes an additional standard: if the "plaintiff can only show that there are 'serious questions going to the merits'—a lesser showing than likelihood of success on the merits—then a preliminary injunction may still issue if the 'balance of hardships tips *sharply* in the plaintiff's favor,' and the other two *Winter* factors are satisfied."[17]

Assuming that Giesbrecht can meet his burden to show that he is likely to succeed on his retaliation and failure-to-protect claims, he has not demonstrated irreparable harm.[18]  For harm to be irreparable, it cannot be speculative, and the impending injury must be imminent.[19]  "Those

---

[14] *Id.* at 2–3.

[15] *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008).

[16] *Id.* at 20.

[17] *Shell Offshore, Inc. v. Greenpeace, Inc.*, 709 F.3d 1281, 1291 (9th Cir. 2013) (quoting *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011)).

[18] Because the failure to show a likelihood of irreparable harm is dispositive of Giesbrecht's request, I need not and do not consider the other elements for preliminary injunctive relief.  *See Ctr. for Food Safety v. Vilsack*, 636 F.3d 1166, 1174 (9th Cir. 2011).

[19] *See Caribbean Marine Servs. Co., Inc. v. Baldrige*, 844 F.2d 668, 674–75 (9th Cir. 1988) ("A plaintiff must do more than merely allege imminent harm sufficient to establish standing; a

1    seeking injunctive relief" must do more than just state or argue that they will suffer irreparable

2    harm, they "must proffer evidence sufficient to establish the likelihood of irreparable harm."[20]

3    And they must show that "irreparable harm is likely, not just possible, in order to obtain a

4    preliminary injunction."[21]

5              Giesbrecht fails to provide any particularized evidence that he is facing an imminent

6    threat of harm.  He fails to provide sufficient evidence to show that Dixon—who is mentioned in

7    the complaint as the inmate tasked with carrying out a murder-for-hire against another inmate—

8    is planning to harm Giesbrecht.  And even assuming that Dixon does have some nefarious

9    intentions toward Giesbrecht, Giesbrecht's motion appears to concede that Dixon cannot

10   physically reach him but instead can only pass written messages to his unit.  He does not contend

11   that Dixon's letter to his neighbor contained any information that would be perceived as

12   threatening to Giesbrecht.  And while Giesbrecht mentions that cheese was slid under his door in

13   an apparent attempt to spook him, he admits that he doesn't know who sent him that message or

14   if it should be considered a serious threat of impending harm.  In short, it would take the court

15   several leaps in inferential logic to get from Giesbrecht's vague, speculative allegations to

16   something resembling a true threat of imminent irreparable harm.

17             As for Giesbrecht's mail concerns, the only thing he knows is that a state-court order took

18   longer for him to receive than he expected.  He speculates, without evidentiary support, that the

19   delay must have been due to another incarcerated person taking his mail.  But it's equally as

20

---

21   plaintiff must demonstrate immediate threatened injury as a prerequisite to preliminary
     injunctive relief.").

22   [20] *Herb Reed Enters., LLC v. Florida Ent. Mgmt., Inc.*, 736 F.3d 1239, 1249 (9th Cir. 2013), *cert.*

23   *denied*, 2014 WL 1575656 (Oct. 6, 2014).

     [21] *All. for the Wild Rockies*, 632 F.3d at 1131.

likely that the mail took extra time to travel through the prison's channels, especially since Giesbrecht has been moved to a few different units within the last year.  I cannot infer from the information that Giesbrecht provides that his mail is being taken by someone else or that it is likely to happen again.  So, because Giesbrecht has not provided any evidence sufficient to establish a likelihood of imminent, irreparable harm from being moved to a new unit or receiving delayed legal mail, I deny his motion.

**Conclusion**

IT IS THEREFORE ORDERED that plaintiff Michael Giesbrecht's motions for a temporary restraining order and preliminary injunction **[ECF Nos. 19, 20] are DENIED**.

_____
U.S. District Judge Jennifer A. Dorsey
May 7, 2024